TULLY CHOICE, ET AL., *v.* J. Q. A. KING.

**Interest—Defective Judgment—Suit on Note.**

In a suit on a note plaintiff cannot recover ten per cent. interest by showing that defendant promised to pay that rate, where the agreement was not in writing.

**Defective Judgment.**

A judgment directing the sale of real estate failing to direct the commissioner how much money he is to raise by the sale, is void. Such a judgment cannot be amended by order of the court after the parties had ceased to be in court for any purpose other than the execution of the order of sale.

APPEAL FROM McCRACKEN CIRCUIT COURT.

October 2, 1874.

OPINION BY JUDGE COFER:

Although the appellee alleges that he was by agreement to have 10 per cent. interest and the amount of the note sued on, as that agreement does not appear to have been in writing, it was error to render judgment for more than 6 per cent. interest.

The judgment directing a sale of the land does not direct the commissioner how much money he is to raise by the sale. If it be said that the court had already ascertained the amount by the previous judgment, we answer that that judgment was against only a part of the appellants, and as to the others there was no direction whatever in the record as to the amount for which the sale was to be made. Nor was this palpable defect in the judgment cured by the order styled an amended judgment made at the October term, 1873. That judgment declared more to be due than was in fact due, and was made after the parties had ceased to be in court for any

purpose other than the execution of the order of sale made at a previous term; and as they had no notice of it, it was void.

This order was directed, and the commissioners, in obedience to it, sold for more money than was due on the judgment previously rendered against a part of the defendants, and was therefore void as to them and as to the other defendants. The amount to be made by the sale never was ascertained except by the void order of October, 1873, made less than ten days before the sale was made, and the sale was therefore void as to them.

Wherefore, for the errors mentioned, the personal judgment against appellants, E. S. Choice and Tully Choice, and the judgment for sale of the land, and the order confirming the sale, are *reversed* and the cause is remanded for further proceedings.

We have not acted on the motion made by or for the appellants, Patter and wife, to dismiss the appeal. As to them, because the appeal, having been taken by an attorney of this court, we must presume he had authority to do so, and the only mode by which the question of his authority could have been raised was by affidavit and rule on him to show by what authority he prosecuted the appeal.

*J. M. Bigger, for appellants.*
*L. D. Husband, for appellee.*